UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE JETER,

                Petitioner,

-vs-

BLAINE LAFLER,

                Respondent.
_____/

CASE NO. 07-CV-14803

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER
(1) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING A
CERTIFICATE OF APPEALABILITY; AND (3) DENYING THE REQUEST TO LEAVE
TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This is a habeas case under 28 U.S.C. § 2254. Robert Lee Jeter ("Petitioner") is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. He was convicted of assault with intent to do great bodily harm less than murder following a bench trial in the Wayne County Circuit Court in 2004 and was sentenced as a fourth habitual offender to 12 to 50 years imprisonment. In his pleadings, Petitioner raises claims concerning prosecutorial misconduct, the arraignment, the effectiveness of counsel, and sentencing. For the reasons set forth, the Court dismisses without prejudice the petition for writ of habeas corpus. The Court further denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to

1

present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he has not fully exhausted two of his four habeas claims, dealing with the conduct of the prosecutor and his arraignment, in the state courts. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (stating that habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when

the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner's habeas application indicates that he has not appealed the trial court's denial of his motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court. Under Mich. Ct. R. 6.509(A), Petitioner may file an application for leave to appeal the trial court's denial of his motion for relief from judgment with the Michigan Court of Appeals within 12 months of the trial court's decision. Given that the trial court denied Petitioner's motion for relief from judgment on April 24, 2007, the time for seeking review by the Michigan Court of Appeals has not yet expired. Petitioner therefore has additional remedies in the Michigan courts which must be exhausted before seeking habeas relief in this Court.

Additionally, the one-year statute of limitations in § 2244(d) does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about February 27, 2007, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).

Petitioner alleges ineffective assistance of appellate counsel as cause for failing to raise the unexhausted claims in the state courts before proceeding in this Court. However, a claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is itself an independent constitutional claim which requires exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Petitioner has not done so. Moreover, he has not shown

good cause for failing to complete the appellate process regarding the denial of his motion for relief from judgment. His unexhausted claims, particularly the prosecutorial misconduct claim, concern a matter of federal law which may warrant further review. The claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon each of Petitioner's claims. Otherwise, the Court is unable to apply the standard found at § 2254.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court dismisses without prejudice the petition for writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of his order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling.

Accordingly, the Court:

(1) **DISMISSES WITHOUT PREJUDICE** the petition for habeas corpus;

(2) **DENIES** a certificate of appealability; and

(3) **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 13, 2007.

S/Denise Goodine
Case Manager